34 F.3d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aaron W. MARSH, Plaintiff-Appellant,
v.
Jim O'DELL; Calsonic Manufacturing Corporation, Defendants-Appellees.
 No. 94-5186.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Aaron Marsh, a pro se Tennessee resident, appeals a district court judgment dismissing his employment discrimination suit filed pursuant to Title VII of the 1964 Civil Rights Act. 42 U.S.C. Sec. 2000e-5. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Marsh, an African-American male, filed his lawsuit against his former employer, Calsonic Manufacturing Corporation (Calsonic), and his former supervisor at that company, Jim O'Dell (O'Dell), alleging that he was terminated from his employment with Calsonic based on his race. Following a one week bench trial, the district court entered a judgment on behalf of the defendants, finding that Marsh had failed to prove a prima facie case of discrimination. In his timely appeal, Marsh continues to argue that his employment with Calsonic was terminated based on his race.
 
 
 3
 The factual conclusions rendered by a district court sitting without a jury are reviewed for clear error and are binding on appeal unless the appellate court is left with a definite and firm conviction that a mistake has been made. Owens-Illinois Inc. v. Aetna Casualty & Sur. Co., 990 F.2d 865, 870-71 (6th Cir.1993). It is the appellant who must shoulder the burden of proving such a mistake, and this burden is not met by demonstrating a conflict in the testimony, nor by seeking to redetermine the credibility of witnesses. Id. Moreover, the appellate court must review the facts in a light most favorable to the appellee. Id. The district court's legal conclusions are reviewed de novo. Id.
 
 
 4
 Upon review, we conclude that Marsh has failed to prove a prima facie case of discrimination because he was unable to prove that he was qualified to remain on the job, see McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), or that his unsatisfactory performance evaluations with Calsonic were a pretext for discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). The evidence of record supports the district court's conclusion that there was ample evidence to justify Marsh's two unsatisfactory performance ratings which ultimately resulted in his employment termination and that the defendants did not discriminate against Marsh because of his race.
 
 
 5
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.